MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN (111070)
JEFFREY W. LAWRENCE (166806)
DENNIS J. HERMAN (220163)
SHIRLEY H. HUANG (206854)
SHANA E. SCARLETT (217895)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
    – and –
WILLIAM S. LERACH (68581)
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
BERNARD M. GROSS
DEBORAH R. GROSS
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
Telephone:  215/561-3600
215/561-3000 (fax)

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
STEVEN J. TOLL
MARK S. WILLIS
JOSHUA S. DEVORE
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re VERISIGN CORPORATION SECURITIES LITIGATION | Master File No. C-02-2270-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' ADMINISTRATIVE *EX PARTE* REQUEST FOR A PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION |
| ALL ACTIONS. | |

I. INTRODUCTION

By this *ex parte* motion, plaintiffs respectfully request a protective order governing confidential information in this matter. A [Proposed] Protective Order Regarding Confidentiality is filed concurrently herewith for the Court's review and approval.

Plaintiffs seek this relief because, despite the parties' efforts over two months to meet and confer and negotiate a protective order, defendants have not signed the final draft. In total, the parties met and conferred and exchanged six drafts of the Stipulation and [Proposed] Protective Order Regarding Confidentiality since late July 2003 with the last draft exchanged on September 10, 2003. Even though it is not plaintiffs' burden to seek a protective order, plaintiffs have chosen to do so in the interest of moving discovery along.

Plaintiffs seek this relief now because there are several discovery matters that are contingent on and await the entry of a protective order by the Court. At least three third parties have indicated that they will produce responsive documents pursuant to plaintiffs' document subpoenas ***only if*** a protective order is in place. Defendants also indicated that they will not supplement their discovery responses or produce responsive documents to plaintiffs until there is a governing protective order in place.

Given that the parties have exhausted the meet and confer process, any further delay of the entry of the protective order will prejudice plaintiffs' discovery in this case and affect the discovery deadlines set forth by the Court's Scheduling Order. The Court should enter the [Proposed] Protective Order Regarding Confidentiality in the case.

II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c)(7), the Court "may make any order which justice requires to protect a party or person ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way...."

While plaintiffs do not believe that they have sought any trade secrets or proprietary confidential information in discovery, defendants and third parties have raised concerns regarding the potential production of confidential information. To alleviate these concerns, and avoid undue delay in discovery, plaintiffs proposed a stipulated form of protective order for use in this case.

1  The first draft of the Stipulation and [Proposed] Protective Order Regarding Confidentiality ("draft Protective Order") was circulated on July 28, 2003. *See* Declaration of Shirley H. Huang in Support of Plaintiffs' Administrative *Ex Parte* Request for a Protective Order Governing Confidential Information ("Huang Decl."), ¶2. In good faith, the parties met and conferred on no less than five occasions over a two month period regarding the draft Protective Order. All of defendants' substantive comments were either incorporated in the drafts, or resolved through the meet and confer process. In total, the parties exchanged six drafts of the draft Protective Order between July 28, 2003 and September 10, 2003. Huang Decl., ¶¶2-7, 9-10. Furthermore, the draft Protective Order substantially follows the Model Protective Order for the Northern District of California. The final draft Protective Order was circulated on September 10, 2003. Huang Decl., ¶10. As of September 29, 2003, defendants still have not signed the most recent draft Protective Order. Huang Decl., ¶12.

On September 30, 2003, for the first time, defendants indicated that they will not sign the most recent draft Protective Order absent a provision for "highly confidential-attorney's eyes only" designation. This was not a new issue – having been raised by defendants and rejected by plaintiffs – long before the first draft Protective Order was exchanged.[1] The parties met and conferred on this issue in late June 2003 during the parties' Rule 26 conference and none of the drafts of the protective order included it. Defendants raised it again yesterday only *after* plaintiffs indicated they would move to have the negotiated protective order entered. Although this was raised long after the protective order had been negotiated, plaintiffs attempted a compromise yesterday if defendants ever come across a category of documents that they believed deserve "highly-confidential" treatment, the parties would then supplement the protective order to address defendants' concerns. Defendants flatly refused. Huang Decl., ¶¶13-14.

---

[1] Because plaintiffs are not seeking any proprietary or trade secret information that would relate to VeriSign's *current* business plan, strategy or competitiveness, plaintiffs do not believe such designation is appropriate in this case. Indeed, even the categories of documents that defendants proffer to be "highly-confidential," such as personnel files, customer contracts and due diligence files, do not deserve the highest level treatment of confidentiality.

PLAINTIFFS' ADMINISTRATIVE *EX PARTE* REQUEST FOR A PROTECTIVE
ORDER GOVERNING CONFIDENTIAL INFORMATION C-02-2270-JW(HRL)         - 2 -

1   Without a protective order in place, plaintiffs cannot obtain documents from some of the third parties whom plaintiffs have propounded discovery. These third parties include Qualys Inc., eOne Global LP and InfoSpace, Inc. Huang Decl., ¶15. eOne Global LP, for instance, has only produced 125 pages of documents to plaintiffs, while withholding the rest of the responsive documents pending the entry of a protective order governing confidential information in this case.

Furthermore, at the outset of discovery, plaintiffs propounded Lead Plaintiffs' First Set of Interrogatories ("Interrogatories") on defendants. The Interrogatories seek information regarding the barter, swap and related-parties arrangements that are alleged in the complaint. Without providing any substantive responses to the Interrogatories, defendants objected based on "confidential" ground and stated that they will not "produce any confidential information except pursuant to an appropriate stipulated Protective Order...." Huang Decl., ¶8. Similarly, of the 43 document requests propounded by plaintiffs in Lead Plaintiffs' First Set of Document Requests served on defendants, defendants objected to the majority of them based on "confidential" ground, refusing to produce any responsive documents until a protective order has been entered.

Defendants should not be allowed to withhold documents pending a protective order while, at the same time, refusing to sign the order they have negotiated or dragging their heels indefinitely to sign a protective order at the expense of compromising plaintiffs' right to discovery. Any further delay by defendants will prejudice plaintiffs' ability to prosecute this case.

The [Proposed] Protective Order Regarding Confidentiality, filed concurrently herewith, is the same draft that the parties last exchanged on September 10, 2003, and is the culmination of the parties' extensive, two month meet and confer process. Defendants have had more than five opportunities now to review, comment and approve this proposed protective order. Any further delay is nothing more than defendants' gamesmanship to derail the discovery process.

**III.   CONCLUSION**

For the reasons set forth above, and good cause having been shown, plaintiffs request that the Court enter a protective order as submitted by plaintiffs.

DATED: October 1, 2003

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
DENNIS J. HERMAN
SHIRLEY H. HUANG
SHANA E. SCARLETT


                    /S/
          SHIRLEY H. HUANG

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
BERNARD M. GROSS
DEBORAH R. GROSS
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
Telephone:  215/561-3600
215/561-3000 (fax)

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
STEVEN J. TOLL
MARK S. WILLIS
JOSHUA S. DEVORE
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

|  |  |
|---|---|
| 1 | SCHATZ & NOBEL, P.C. |
| 2 | ANDREW M. SCHATZ |
|   | JEFFREY S. NOBEL |
| 3 | NANCY A. KULESA |
|   | 330 Main Street |
| 4 | Hartford, CT  06106 |
|   | Telephone:  860/493-6292 |
| 5 | 860/493-6290 (fax) |
| 6 | Attorneys for Plaintiffs |

T:\PleadingsSF\VeriSign\MOT00001493.doc

PLAINTIFFS' ADMINISTRATIVE *EX PARTE* REQUEST FOR A PROTECTIVE
ORDER GOVERNING CONFIDENTIAL INFORMATION C-02-2270-JW(HRL)                - 5 -

DECLARATION OF SERVICE BY MAIL AND HAND DELIVERY

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2. That on October 1, 2003, declarant served the PLAINTIFFS' ADMINISTRATIVE EX PARTE REQUEST FOR A PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant served defendants' counsel by hand delivery and facsimile only on October 1, 2003.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of October, 2003, at San Francisco, California.

/S/
SUSAN MILLER

VERISIGN (LEAD)
Service List - 10/1/2003    (02-0198)
Page 1 of 2

**Counsel For Defendant(s)**

David M. Furbush
Dhaivat H. Shah
Noah Boyens
O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, CA  94111-3305
  415/984-8700
  415/984-8701 (Fax)

**Counsel For Plaintiff(s)**

Steven J. Toll
Mark S. Willis
Joshua S. Devore
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
  202/408-4600
  202/408-4699 (Fax)

Bernard M. Gross
Deborah R. Gross
Law Offices Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
  215/561-3600
  215/561-3000 (Fax)

William S. Lerach
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)

Patrick J. Coughlin
Jeffrey W. Lawrence
Shirley H. Huang
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
  415/288-4545
  415/288-4534 (Fax)

 VERISIGN (LEAD)

Service List -  10/1/2003    (02-0198)

Page 2 of  2

Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
Schatz & Nobel
330 Main Street
Hartford, CT  06106
   860/493-6292
   860/493-6290 (Fax)