1 | MILBERG WEISS BERSHAD
    HYNES & LERACH LLP
2 | PATRICK J. COUGHLIN (111070)
JEFFREY W. LAWRENCE (166806)
3 | DENNIS J. HERMAN (220163)
SHIRLEY H. HUANG (206854)
4 | SHANA E. SCARLETT (217895)
100 Pine Street, Suite 2600
5 | San Francisco, CA  94111
Telephone: 415/288-4545
6 | 415/288-4534 (fax)
      – and –
7 | WILLIAM S. LERACH (68581)
401 B Street, Suite 1700
8 | San Diego, CA  92101
Telephone:  619/231-1058
9 | 619/231-7423 (fax)

10 | LAW OFFICES OF BERNARD M.
    GROSS, P.C.
11 | BERNARD M. GROSS
DEBORAH R. GROSS
12 | 1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
13 | Telephone:  215/561-3600
215/561-3000 (fax)
14 |

COHEN, MILSTEIN, HAUSFELD
    & TOLL, P.L.L.C.
STEVEN J. TOLL
MARK S. WILLIS
JOSHUA S. DEVORE
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  202/408-4600
202/408-4699 (fax)

15 |
16 | Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]
17 |

18 | **UNITED STATES DISTRICT COURT**

19 | **NORTHERN DISTRICT OF CALIFORNIA**

20 | **SAN JOSE DIVISION**

21 | In re VERISIGN CORPORATION
SECURITIES LITIGATION
22 |
23 | This Document Relates To:

24 |     ALL ACTIONS.
25 |

)
)
)
)
)
)
)
)
)
)

Master File No. C-02-2270-JW(HRL)

<u>CLASS ACTION</u>

[PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIALITY

26 |
27 |
28 |

1          In order to protect the confidentiality of confidential information obtained by the parties in

2   connection with this case, plaintiffs, pursuant to the Court's authority under Fed. R. Civ. P. 26(c),

3   submit as follows:

4   **Purposes and Limitations**

5          1.       Disclosure and discovery activity in this action are likely to involve production of

6   confidential, proprietary, or private information for which special protection from public disclosure

7   and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly,

8   the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

9   Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

10   or responses to discovery, and that the heightened protections outlined herein extend only to the

11   limited information or items that are entitled to treatment as confidential under applicable legal

12   principles.

13          2.       The parties further acknowledge, as set forth in ¶18, below, that this Stipulated

14   Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule

15   79-5 sets forth the procedures that must be followed, and reflects the standards that will be applied,

16   when a party seeks permission from the Court to file material under seal.

17          3.       Documents and other information produced by the parties hereto in connection with

18   this litigation shall be used solely for purposes of prosecuting, defending, or attempting to settle this

19   action, whether such information is designated Confidential Information or not.  The heightened

20   protections outlined in this Order, however, apply only to Confidential Information designated as

21   such.

22   **Nondisclosure of Confidential Information**

23          4.       Any party or non-party may designate as confidential (by stamping the relevant page

24   or as otherwise set forth herein) any document or response to discovery which that party or non-

25   party considers in good faith to contain information involving trade secrets, confidential business or

26   financial information subject to protection under California or federal law ("Confidential

27   Information"), or another applicable legal standard.  Where a document or response consists of more

28

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                    - 1 -

1   than one page, the first page and each page on which Confidential Information appears shall be so

2   designated.

3          5.      Except with the prior written consent of the party or non-party originally designating

4   a document as confidential, or as hereinafter provided under this Protective Order, no Confidential

5   Information may be disclosed to any person.  The protection conferred by this Stipulation and Order

6   also applies to oral communications and all copies, excerpts, summaries or compilations of any

7   Confidential Information.

8   **Designating Protected Material**

9          6.      Each party or non-party that designates information or items for protection under this

10  Order must take care to limit any such designation to specific material that qualifies under the

11  appropriate standards.  A designating party must take care to designate for protection only those

12  parts of material, documents, items or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which protection is not warranted

14  are not swept unjustifiably within the ambit of this Order.

15         7.      If it comes to a party's or a non-party's attention that information or items that it

16  designated for protection do not qualify for protection at all, or do not qualify for the level of

17  protection initially asserted, that party or non-party must promptly notify all other parties that it is

18  withdrawing the mistaken designation.

19         8.      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

20  shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to

21  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses

22  and burdens on other parties), expose the designating party to sanctions.

23  **Permissible Disclosures**

24         9.      Notwithstanding ¶5, Confidential Information shall not be disclosed to any person

25  other than the following, and only to the extent necessary for this litigation:

26                 (a)     counsel for the respective parties to this litigation, including in-house counsel

27  and co-counsel retained for this litigation;

28                 (b)     employees of such counsel;

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                              - 2 -

1    (c)    individual defendants, class representatives, or any officer or employee of a

2  party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

3    (d)    consultants or expert witnesses retained for the prosecution or defense of this

4  litigation, provided that each such person shall execute a copy of the certification annexed to this

5  Protective Order as Exhibit A before being shown or given any Confidential Information;

6    (e)    the original authors or recipients of the Confidential Information;

7    (f)    the Court, court personnel and court reporters; and

8    (g)    witnesses (other than persons described in ¶9(d)) who may testify at

9  deposition or at trial, provided that such witnesses shall execute a copy of the certification annexed

10  to this Protective Order as Exhibit A before being shown or given any Confidential Information; and

11    (h)    persons or entities that provide litigation support services (*e.g.*, photocopying;

12  videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in

13  any form or medium; etc.) and their employees and subcontractors, provided that such persons or

14  entities shall execute a copy of the certification annexed to this Protective Order as Exhibit A before

15  being shown or given any Confidential Information.

16    10.    If timely corrected, an inadvertent failure to designate qualified information or items

17  as "Confidential" does not, standing alone, waive the designating party's right to secure protection

18  under this Order for such material.  If material is appropriately designated as "Confidential" after the

19  material was initially produced, the receiving party, on timely notification of the designation, must

20  make reasonable efforts to assure that the material is treated in accordance with the provisions of this

21  Order.

22  **Declassification**

23    11.    A party that elects to initiate a challenge to a designating party's confidentiality

24  designation must do so in good faith and must begin the process by conferring directly (in voice to

25  voice dialogue; other forms of communication are not sufficient) with counsel for the designating

26  party.   In conferring, the challenging party must explain the basis for its belief that the

27  confidentiality designation was not proper and must give the designating party an opportunity to

28  review the designated material, to reconsider the circumstances, and, if no change in designation is

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                      - 3 -

1 | offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next

2 | stage of the challenge process only if it has engaged in this meet and confer process first.

3 |      12.    A party that elects to press a challenge to a confidentiality designation after

4 | considering the justification offered by the designating party may file and serve a motion under Civil

5 | Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the

6 | challenged material and sets forth in detail the basis for the challenge.  Each such motion must be

7 | accompanied by a competent declaration that affirms that the movant has complied with the meet

8 | and confer requirements imposed in the preceding paragraph and that sets forth with specificity the

9 | justification for the confidentiality designation that was given by the designating party in the meet

10 | and confer dialogue.  The burden of persuasion in any such challenge pursuant to ¶11 shall be on the

11 | designating party.  Until the Court rules on the challenge, all parties shall continue to afford the

12 | material in question the level of protection to which it is entitled under the producing party's

13 | designation.

14 |      13.    Notwithstanding any challenge to the designation of material as Confidential

15 | Information, all documents shall be treated as such and shall be subject to the provisions hereof

16 | unless and until one of the following occurs:

17 |      (a)    the party or non-party who claims that the material is Confidential Information

18 | withdraws such designation in writing; or

19 |      (b)    the Court rules the material is not Confidential Information.

20 | **Confidential Information in Depositions**

21 |      14.    A party or non-party may designate information disclosed during a deposition or in

22 | response to written discovery as Confidential Information by so indicating in said responses or on

23 | the record at the deposition and requesting the preparation of a separate transcript of such material.

24 | Additionally, a party or non-party may designate in writing, within 20 days after receipt of said

25 | responses or of the deposition transcript for which the designation is proposed, that specific pages of

26 | the transcript and/or specific responses be treated as Confidential Information.  Any other party may

27 | object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the

28 | procedures described in ¶¶11-12 above.  After any designation made according to the procedure set

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                          - 4 -

1  forth in this paragraph, the designated documents or information shall be treated according to the

2  designation until the matter is resolved according to the procedures described in ¶¶11-12 above, and

3  counsel for all parties shall be responsible for marking all previously unmarked copies of the

4  designated material in their possession or control with the specified designation.

5          15.     Any witness or other person, firm or entity from which discovery is sought may be

6  informed of and may obtain the protection of this Protective Order by written advice to the parties'

7  respective counsel or by oral advice at the time of any deposition or similar proceeding.

8  **Confidential Information at Trial**

9          16.     The terms of this Protective Order do not preclude, limit, restrict or otherwise apply

10  to the use of documents at trial.  Subject to the Federal Rules of Evidence, Confidential Information

11  may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence

12  gives five days' advance notice to counsel for any party or non-party who designated the information

13  as confidential.  Any party may move the Court for an order that the evidence be received *in camera*

14  or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether

15  the proffered evidence should continue to be treated as Confidential Information and, if so, what

16  protection, if any, may be afforded to such information at the trial.

17  **Subpoena by Other Courts or Agencies**

18          17.     If at any time any Confidential Information is subpoenaed by a court, administrative

19  or legislative body, or by any other person or entity purporting to have authority to require the

20  production of such information, the person to whom the subpoena is directed shall give written

21  notice thereof to any person who has designated such information as Confidential Information within

22  five days.  After receipt of the notice specified under this paragraph, the person seeking to maintain

23  confidentiality shall have the sole responsibility for obtaining any order it believes necessary to

24  prevent disclosure of the Confidential Information that has been subpoenaed.  If the person seeking

25  to maintain confidentiality does not move for a protective order within the time allowed for

26  production by the subpoena (or within such time as a court may direct or as may be agreed upon

27  between the designating person and the subpoenaing party) and give written notice of such motion to

28  the subpoenaing party and the person to whom the subpoena is directed, the person to whom the

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                           - 5 -

1  subpoena or other request is directed may commence production in response thereto.  The person to

2  whom the subpoena is directed shall not produce any Confidential Information while a motion for a

3  protective order brought pursuant to this paragraph is pending, or while any appeal from or request

4  for appellate review of such motion is pending, unless ordered by a court to do so.

5  **Filing Documents Under Seal**

6         18.     No Confidential Information shall be filed in the public record without the written

7  permission of the designating party, or a court's order.  The parties shall comply with Civil L.R. 79-5

8  which states that a party authorized by statute, rule or Court order to file a document under seal must

9  lodge the document with the Clerk in accordance with this rule.  The Clerk shall refer the matter to

10  the assigned judge pursuant to Civil L.R. 79-5(d).  No document shall be filed under seal except

11  pursuant to a Court order that authorizes the sealing of the particular document or portion thereof

12  and is narrowly tailored to seal only that material for which good cause to seal has been established.

13  Any order sealing any documents shall direct the sealing of only those documents, pages or, if

14  practicable, those portions of documents or pages, which contain the information requiring

15  confidentiality.  All other portions of such documents shall be included in the public file.  The parties

16  shall further comply with every other applicable subdivision of Civil L.R. 79-5(c).

17         19.     Copies of any pleading, brief, or other document containing Confidential Information

18  which is served on opposing counsel shall be delivered in a sealed envelope stamped:

19                      **CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

20  and shall be treated in accordance with the provisions of this Protective Order.

21  **Non-Termination**

22         20.     All provisions of this Protective Order restricting the communication or use of

23  Confidential Information shall continue to be binding after the conclusion of this action, unless

24  otherwise agreed or ordered.  Upon the conclusion of the litigation, including any appeals, a party in

25  the possession of Confidential Information, other than that which is contained in pleadings,

26  correspondence and deposition transcripts, shall either (a) return such documents no later than 30

27  days after conclusion of this action to counsel for the party or non-party who provided such

28

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                           - 6 -

1    information, or (b) destroy such documents within 30 days, and certify in writing that the documents

2    have been destroyed.

3    **Modification Permitted**

4         21.    Nothing in this Protective Order shall prevent any party or other person from seeking

5    modification of this Protective Order or from objecting to discovery that it believes to be otherwise

6    improper.

7    **Responsibility of Attorneys**

8         22.    The counsel for the parties are responsible for employing reasonable measures,

9    consistent with this Protective Order, to control duplication of, access to and distribution of copies of

10   Confidential Information.

11        23.    The counsel for the parties are responsible for administering and keeping the executed

12   original copy of Exhibit A pursuant to ¶9(d), (g), and (h) above.

13   **No Waiver**

14        24.    Nothing herein shall be deemed to waive any applicable privilege or work product

15   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

16   protected by privilege or work product protection.  The inadvertent production of documents or

17   information subject to the attorney-client privilege or work-product immunity shall not waive the

18   privilege or immunity if a request for the return of such documents or information is made promptly

19   after the producing party learns of its inadvertent production.

20        25.    Nothing contained in this Protective Order and no action taken pursuant to it shall

21   prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of

22   the confidential documents and information sought.

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                    - 7 -

| | |
|---|---|
| 1 | DATED:  [Insert Date] |
| 2 | |
| 3 | |
| 4 | |

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
DENNIS J. HERMAN
SHIRLEY H. HUANG
SHANA E. SCARLETT

_____
SHIRLEY H. HUANG

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
BERNARD M. GROSS
DEBORAH R. GROSS
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
Telephone:  215/561-3600
215/561-3000 (fax)

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
STEVEN J. TOLL
MARK S. WILLIS
JOSHUA S. DEVORE
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Telephone:  202/408-4600
202/408-4699 (fax)

Co-Lead Counsel for Plaintiffs

1

2
SCHATZ & NOBEL, P.C.
ANDREW M. SCHATZ
3
JEFFREY S. NOBEL
NANCY A. KULESA
330 Main Street
4
Hartford, CT  06106
Telephone:  860/493-6292
5
860/493-6290 (fax)

6
Attorneys for Plaintiffs

7
\*       \*       \*

8
**O R D E R**

9
    IT IS SO ORDERED.

10
DATED:  _____    _____

11
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

12

13
T:\PleadingsSF\VeriSign\ORD 00001624.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                                   - 9 -

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____ **[print or type full name]**,

4

of _____ **[print or type full address]**,

5

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6

Protective Order that was issued by the United States District Court for the Northern District of

7

California on _____ in the case of *In re VeriSign Corporation Securities*

8

*Litigation*, Master File No. C-02-2270-JW(HRL).  I agree to comply with and to be bound by all the

9

terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so

10

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

11

that I will not disclose in any manner any information or item that is subject to this Stipulated

12

Protective Order to any person or entity in strict compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

Date:_____

17

City and State where sworn and signed:_____

18

Name:_____ **[printed name]**

19

Signature:_____ **[signature]**

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY - C-02-
2270-JW(HRL)                                                                                                      - 1 -

DECLARATION OF SERVICE BY MAIL AND HAND DELIVERY

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Francisco, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 100 Pine Street, Suite 2600, San Francisco, California 94111.

2.      That on October 1, 2003, declarant served the [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY by depositing a true copy thereof in a United States mailbox at San Francisco, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.  Declarant served defendants' counsel by hand delivery and facsimile only on October 1, 2003.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of October, 2003, at San Francisco, California.

_____
/S/
SUSAN MILLER

VERISIGN (LEAD)
Service List - 10/1/2003      (02-0198)
Page 1 of  2

## Counsel For Defendant(s)

David M. Furbush
Dhaivat H. Shah
Noah  Boyens
O'Melveny & Myers LLP
275 Battery Street, Suite 2600
San Francisco, CA  94111-3305
   415/984-8700
   415/984-8701 (Fax)

## Counsel For Plaintiff(s)

Steven J. Toll
Mark S. Willis
Joshua S. Devore
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
   202/408-4600
   202/408-4699 (Fax)

Bernard M. Gross
Deborah R. Gross
Law Offices Bernard M. Gross, P.C.
1515 Locust Street, 2nd Floor
Philadelphia, PA  19102
   215/561-3600
   215/561-3000 (Fax)

William S. Lerach
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423 (Fax)

Patrick J. Coughlin
Jeffrey W. Lawrence
Shirley H. Huang
Milberg Weiss Bershad Hynes & Lerach LLP
100 Pine Street, Suite 2600
San Francisco, CA  94111-5238
   415/288-4545
   415/288-4534 (Fax)

VERISIGN (LEAD)

Service List -  10/1/2003      (02-0198)

Page 2 of  2

Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
Schatz & Nobel
330 Main Street
Hartford, CT  06106
   860/493-6292
   860/493-6290 (Fax)