1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re VERISIGN, INC. SECURITIES LITIGATION | ) ) ) Master File No. C-02-2270-JW(PVT) ) CLASS ACTION ) |
| This Document Relates To:  ALL ACTIONS. | ) [PROPOSED] ORDER PRELIMINARILY ) APPROVING SETTLEMENT AND ) PROVIDING FOR NOTICE ) ) |

DATE:       December 18, 2006
TIME:        9:00 a.m.
COURTROOM:   The Honorable James Ware

1   WHEREAS, a class action is pending before the Federal Court entitled *In re VeriSign, Inc.*
2   *Securities Litigation*, Master File No. C-02-2270-JW(PVT) (the "Federal Litigation");

3   WHEREAS, a related action entitled *In re VeriSign Inc. Derivative Litigation*, Case No. 1-
4   02-CV-807719 (the "Derivative Litigation") is pending in the California Superior Court, County of
5   Santa Clara;

6   WHEREAS, the Federal Court has received the Stipulation of Settlement and Release dated
7   as of December 12, 2006 (the "Stipulation"), that has been entered into by the Lead Plaintiffs, the
8   Derivative Plaintiffs and Defendants, setting forth the terms of the Settlement of the Federal
9   Litigation and the Derivative Litigation (collectively, the "Litigations"), and the Federal Court has
10  reviewed the Stipulation and its attached Exhibits;

11  WHEREAS, the parties having made application, pursuant to Federal Rule of Civil
12  Procedure 23(e), for an order preliminarily approving the settlement of the Litigations, in accordance
13  with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and
14  conditions for a proposed Settlement of the Litigations and for dismissal of the Litigations with
15  prejudice upon the terms and conditions set forth therein; and the Federal Court having read and
16  considered the Stipulation and the Exhibits annexed thereto; and

17  WHEREAS, all defined terms contained herein shall have the same meanings as set forth in
18  the Stipulation;

19  NOW, THEREFORE, IT IS HEREBY ORDERED:

20  1.   The Federal Court does hereby preliminarily approve the Stipulation and the
21  Settlement set forth therein, subject to further consideration at the Settlement Hearing described
22  below.

23  2.   A hearing (the "Settlement Hearing") shall be held before this Court on March 12,
24  2007, at 9:00 a.m., at the United States Courthouse, 280 South First Street, San Jose, California, to
25  determine whether the proposed Settlement of the Litigations on the terms and conditions provided
26  for in the Stipulation is fair, just, reasonable and adequate to the Class, Derivative Plaintiffs and
27  Defendants and should be approved by the Federal Court; whether a Judgment as provided in
28  paragraph 1.15 of the Stipulation should be entered herein; whether the proposed Plan of Allocation

1  should be approved; to determine the amount of fees and expenses that should be awarded to
2  plaintiffs' counsel; and to determine the amount of expenses to be reimbursed to the Lead Plaintiffs.
3  The Federal Court may adjourn the Settlement Hearing without further notice to Members of the
4  Class.

5      3.      The Federal Court approves, as to form and content, the Notice of Pendency and
6  Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the
7  "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3
8  hereto and finds that the mailing and distribution of the Notice and publishing of the Summary
9  Notice substantially in the manner and form set forth in paragraphs 4 and 5 of this Order meet the
10 requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice
11 practicable under the circumstances and shall constitute due and sufficient notice to all Persons
12 entitled thereto.

13     4.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to
14 supervise and administer the notice procedure as well as the processing of claims as more fully set
15 forth below:

16          (a)     Not later than January 3, 2007 (the "Notice Date"), Lead Counsel shall cause a
17 copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-
18 2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable
19 effort;

20          (b)     Not later than January 4, 2007, Lead Counsel shall cause the Summary Notice
21 to be published once in *Investor's Business Daily*; and

22          (c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel
23 shall cause to be served on Defendants' counsel and filed with the Federal Court proof, by affidavit
24 or declaration, of such mailing and publishing.

25     5.      Nominees who purchased or acquired the common stock of VeriSign for the
26 beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof
27 of Claim to all beneficial owners of such VeriSign common stock within ten (10) days after receipt
28 thereof, or send a list of the names and addresses of such beneficial owners to the Claims

[P~~ROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT - C-02-2270-JW(PVT)      - 2 -

Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Federal Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Federal Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Federal Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Federal Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

8. Any Member of the Class may enter an appearance in the Federal Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

9. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than February 12, 2007. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases or acquisitions and sales of VeriSign common stock made during the Class Period, including the dates of purchase, acquisition or sale, the number of shares purchased or acquired and/or sold, and the price paid or received per share for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and

1  timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the
2  Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by
3  the Stipulation or the Judgment entered in the Federal Litigation.

4        10.    Any Member of the Class or current VeriSign shareholder may appear and show
5  cause, if he, she or it has any, why the proposed settlement of the Litigations should or should not be
6  approved as fair, reasonable and adequate or why a judgment should or should not be entered
7  thereon. Any Member of the Class may appear and show cause, if he, she or it has any, why the Plan
8  of Allocation should or should not be approved, why attorneys' fees and expenses should or should
9  not be awarded to counsel for the Lead Plaintiffs, or why the expenses of the Lead Plaintiffs should
10 or should not be awarded. However, no Class Member, current VeriSign shareholder or any other
11 Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or
12 sent by first class mail written objections and copies of any papers and briefs such that they are
13 received on or before February 12, 2007, by Lerach Coughlin Stoia Geller Rudman & Robbins LLP,
14 Joy Ann Bull, 655 W. Broadway, Suite 1900, San Diego, CA 92101 and O'Melveny & Myers LLP,
15 David Furbush, 2765 Sand Hill Road, Menlo Park, CA 94025, and filed said objections, papers and
16 briefs with the Clerk of the United States District Court for the Northern District of California, on or
17 before February 12, 2007. Any Member of the Class or VeriSign shareholder who does not make
18 his, her or its objection in the manner provided above shall be deemed to have waived such objection
19 and shall forever be foreclosed from making any objection to the fairness or adequacy of the
20 proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of
21 attorneys' fees and expenses to counsel for the Lead Plaintiffs or expenses of the Lead Plaintiffs,
22 unless otherwise ordered by the Federal Court.

23       11.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*
24 *legis* of the Federal Court, and shall remain subject to the jurisdiction of the Federal Court, until such
25 time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the
26 Federal Court.

27       12.    Lead Counsel shall be entitled to withdraw seventy-five percent (75%) of their out-of-
28 pocket expenses incurred in prosecuting the Federal Litigation from the Settlement Fund upon the

[P~~ROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT - C-02-2270-JW(PVT)   - 4 -

execution of this Order, subject to final approval of said expenses at the Settlement Hearing and the other provisions of paragraph 9.1 of the Stipulation.

13. All papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses or by Lead Plaintiffs for reimbursement of their expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14. Neither Defendants, their Related Parties, their counsel, nor their insurance carriers shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by counsel for Lead Plaintiffs or the Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15. At or after the Settlement Hearing, the Federal Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members and VeriSign shareholders, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Federal Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to paragraphs 3.6 or 4.1-4.3 of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigations, or of any liability, fault, or wrongdoing of any kind.

18. The Federal Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class and VeriSign shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed

1  Settlement.  The Federal Court may approve the Settlement, with such modifications as may be
2  agreed to by the Settling Parties, if appropriate, without further notice to the Class.
3        IT IS SO ORDERED.
4
5  DATED:  __December 18, 2006_____     _____
                                            THE HONORABLE JAMES WARE
6                                           UNITED STATES DISTRICT JUDGE

Submitted by:
7
LERACH COUGHLIN STOIA GELLER
8     RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
9  JEFFREY W. LAWRENCE
DENNIS J. HERMAN
10 CHRISTOPHER P. SEEFER
SHIRLEY H. HUANG
11 JENNIE LEE ANDERSON
100 Pine Street, Suite 2600
12 San Francisco, CA  94111
Telephone: 415/288-4545
13 415/288-4534 (fax)

14 LERACH COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
15 WILLIAM S. LERACH
JOY ANN BULL
16

17
            s/ Joy Ann Bull
18           JOY ANN BULL

19 655 West Broadway, Suite 1900
San Diego, CA  92101
20 Telephone:  619/231-1058
619/231-7423 (fax)
21
Lead Counsel for Plaintiffs
22
LAW OFFICES BERNARD M. GROSS, P.C.
23 BERNARD M. GROSS
DEBORAH R. GROSS
24 Wanamaker Bldg., Suite 450
100 Penn Square East
25 Philadelphia, PA  19107
Telephone:  215/561-3600
26 215/561-3000 (fax)

27

28

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT - C-02-2270-JW(PVT)      - 6 -

1  COHEN, MILSTEIN, HAUSFELD
2     & TOLL, P.L.L.C.
   STEVEN J. TOLL
3  LISA M. MEZZETTI
   JOSHUA S. DEVORE
4  1100 New York Avenue, N.W.
   West Tower, Suite 500
5  Washington, DC  20005-3964
   Telephone:  202/408-4600
6  202/408-4699 (fax)

7  SCHATZ & NOBEL, P.C.
   ANDREW M. SCHATZ
8  JEFFREY S. NOBEL
   NANCY A. KULESA
9  One Corporate Center
   20 Church Street, Suite 1700
10  Hartford, CT  06103
   Telephone:  860/493-6292
11  860/493-6290 (fax)

12  Additional Counsel for Federal Plaintiffs

13  ROBBINS UMEDA & FINK, LLP
   MARC M. UMEDA
14  610 West Ash Street, Suite 1800
   San Diego, CA  92101
15  Telephone:  619/525-3990
   619/525-3991 (fax)
16
Counsel for Derivative Plaintiffs
17
SCHIFFRIN & BARROWAY, LLP
18  ROBERT B. WEISER
   280 King of Prussia Road
19  Radnor, PA  19087
   Telephone:  610/667-7706
20  610/667-7056 (fax)

21  Additional Counsel for Derivative Plaintiffs

22  S:\Settlement\Verisign.set\(V1) EA-00037388.doc

23

24

25

26

27

28

|   |   |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |

I hereby certify that on December 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

    s/ Joy Ann Bull
JOY ANN BULL

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: JoyB@lerachlaw.com

# Mailing Information for a Case 5:02-cv-02270-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Randi D. Bandman**
  randib@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Noah Daniel Boyens**
  nboyens@omm.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **Joshua Seth Devore**
  jdevore@cmht.com

- **David Malcolm Furbush**
  dfurbush@omm.com dbrown@omm.com;dshah@omm.com;lnewell@omm.com

- **Marc Lawrence Godino**
  mgodino@glancylaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermanesq.com

- **Dennis J. Herman**
  dennish@lerachlaw.com e_file_sf@lerachlaw.com

- **Jessica Anne Hoogs**
  jhoogs@omm.com

- **Shirley H. Huang**
  shirleyh@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Meredith N. Landy**
  mlandy@omm.com
  dfurbush@omm.com;dbrown@omm.com;lhabbeshaw@omm.com;dedmondson@omm.com;jbake

- **Jeffrey W. Lawrence**
  jeffreyl@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Ioana Petrou**
  ioana.petrou@usdoj.gov tyle.doerr@usdoj.gov

- **Darren J. Robbins**

- **Mark Wayne Robertson**
  mrobertson@omm.com

- **Lori E. Romley**
  lromley@omm.com dbrown@omm.com

- **Adam T. Savett**
  asavett@cmht.com

- **Shana Eve Scarlett**
  shanas@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Andrew M. Schatz**
  firm@snlaw.net

- **Christopher Paul Seefer**
  chriss@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;KiyokoF@lerachlaw.com

- **Dhaivat H. Shah**
  dshah@omm.com rbrown@omm.com

- **Alfred Glenn Yates, Jr**
  yateslaw@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Amy Freeman
O'Melveny & Myers
400 S. Hope Street
Los Angeles, CA 90071

Bernard M. Gross
Law Offices of Bernard M. Gross, P.C.
Suite 450, John Wanamaker Bldg.
Juniper & Market Streets
100 Penn Square East
Philadelphia, PA 19107

Nancy A. Kulesa
```

Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

**Lisa M. Mezzetti**
Cohen Milstein Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500
West Tower
Washington, DC 20005

**Simon Bahne Paris**
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**Steven J. Toll**
Cohen Milstein Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N. W.
West Tower, Suite 500
Washington, DC 20005-3964

**Mark S. Willis**
Cohen Milstein Hausfeld & Toll PLLC
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005